1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                     )
SUPERIOR TANK LINES NORTHWEST      )        Civil Case No. C20-5093RSL
DIVISION, LLC,                                     )
                                                     )
                              Plaintiff,              )        ORDER GRANTING DEFENDANTS'
                                                     )        MOTION TO DISMISS AND
            v.                                         )        GRANTING LEAVE TO AMEND
                                                     )
ROBERT WALTERS, *et al.*,                  )
                                                     )
                              Defendants.         )
_____)

        This matter comes before the Court on "Defendants Robert Walters and Terry Thorp's

Motion to Dismiss Under FRCP 12(b)(6) or FRCP 12(b)(2) or for More Definite Statement

Under FRCP 12(e)." Dkt. # 10. Plaintiff alleges that defendants defamed it by telling former co-

workers that defendant "was breaking the law as it related to its PTO policy," causing drivers to

leave plaintiff's employ with associated losses of $542,496. Dkt. # 1 at ¶¶ 15 and 22. *See also Id.*

at ¶ 16.[1] Plaintiff seeks injunctive relief against further defamatory statements. Defendants

request dismissal of the claims asserted against them, arguing that the allegations are insufficient

to state a claim upon which relief could be granted and/or do not establish the jurisdictional

amount for a diversity case. In particular, defendants argue that the statement attributed to them

is opinion, not fact, that the statement is true and privileged under Washington law, and that

---

[1] "PTO" is the acronym for "paid time off."

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS AND GRANTING LEAVE TO AMEND  - 1

plaintiff's damage allegations do not raise a plausible inference of damage (much less damages in excess of $75,000). In the alternative, defendants seeks a more definitive statement of the claims.

In the context of a motion to dismiss, the Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). Nevertheless, Ninth Circuit authority allows the Court to consider documents referenced extensively in the complaint, documents that form the basis of plaintiff's claim, and matters of judicial notice when determining whether the allegations of the complaint state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). *U.S. v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003). The June 7, 2018, emails from Washington's Department of Labor and Industries ("L&I") and defendants' deposition testimony form the basis of plaintiff's claims and have been considered in determining whether plaintiff has stated a viable cause of action.

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

*Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*,

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS AND GRANTING LEAVE TO AMEND  - 2

714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Having considered the complaint, the memoranda, declarations, and exhibits submitted, and the arguments of the parties, the Court finds as follows:

Plaintiff has adequately alleged a statement of fact (rather than opinion) and damages arising therefrom. Plaintiff alleges that defendants told former co-workers that plaintiff "was breaking the law as it related to its PTO policy." Dkt. # 1 at ¶ 15. *See also Id.* at ¶ 16. Whether plaintiff was acting in violation of Washington law with regards to its paid time off policy is a provable fact - even if the fact has not yet been finally adjudicated. Plaintiff also alleges that drivers with the appropriate license to transport petroleum products in the State of Washington are "difficult to come by, expensive to train, and expensive to oversee," that defendants' statements have caused some of its drivers to leave the company, and that the damages associated with these departures is $542,496. Dkt. # 1 at ¶ 22. Defendants may be able to disprove these allegations, but they are adequate at the pleading stage.

Plaintiff alleges that the statement attributed to defendants was false because L&I determined that plaintiff's written paid time off policy is "completely compliant" with Washington law. Taking that allegation as true does not make defendants' alleged statement false, however. The June 7, 2018, emails from L&I distinguish between plaintiff's written policy and the way it was enforcing it: L&I informed defendants that plaintiff's written policy was lawful, but that its application of the policy to require drivers to take leave in 12-hour increments was not permitted unless plaintiff obtained a variance from L&I. Dkt. # 11-1 at 2 and 4. Plaintiff has not alleged that its application of the PTO policy was lawful and has therefore failed to allege facts from which one could reasonably infer that the statement attributed to defendants was false.

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS AND GRANTING LEAVE TO AMEND  - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiff's allegation that defendants' alleged statements were not privileged is wholly conclusory. *See* Dkt. # 1 at ¶ 21. Where, as here, an individual is publishing to persons with an interest in the information (if not a common interest with defendants), "[f]acts contained in such a communication need not be true, if published without malice, in good faith, and in an honest belief of their truth arrived at after a fair and impartial investigating or upon reasonable grounds for such belief." *Twelker v. Shannon & Wilson, Inc.*, 88 Wn.2d 473, 478 (1977) (quoting *Owens v. Scott Publ. Co.*, 46 Wn.2s 666, 674 (1955)). Plaintiff has neither alleged bad faith/malice nor alleged any facts that raise an inference that defendants did not honestly believe what L&I told them: that plaintiff's application of its PTO policy to "force employees to use 12 hours [of paid time off] at a time" was unlawful in the absence of a showing of need and receipt of a variance.

For all of the foregoing reasons, plaintiff has not alleged facts giving rise to a plausible inference of liability for defamation or entitlement to injunctive relief. The motion to dismiss is, therefore, GRANTED. Plaintiff may, if it believes it can do so consistent with its obligations under Fed. R. Civ. P. 11, file an amended complaint within fourteen days of the date of this Order.

Dated this 22nd day of May, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION
TO DISMISS AND GRANTING LEAVE TO AMEND  - 4