1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  SUPERIOR TANK LINES NORTHWEST        )        Civil Case No. C20-5093RSL
   DIVISION, LLC,                       )
10                                      )
                            Plaintiff,  )        ORDER GRANTING DEFENDANTS'
11         v.                           )        MOTION TO DISMISS
                                        )
12  ROBERT WALTERS, *et al.*,           )
                                        )
13                          Defendants. )
                                        )
14 _____

15         This matter comes before the Court on "Defendants Robert Walters and Terry Thorp's

16 Motion to Dismiss Plaintiff's Amended Complaint." Dkt. # 25. Plaintiff alleges that defendants

17 defamed it by telling former co-workers that defendant "was breaking the law with regard to its

18 PTO policy," causing drivers to leave plaintiff's employ with associated losses of $542,496. Dkt.

19 # 24 at ¶¶ 15, 16, and 23.[1] Plaintiff seeks injunctive relief against further defamatory statements.

20 Defendants request dismissal of the claims asserted against them, arguing that the statement

21 attributed to them is true and privileged under Washington law.

22         For the reasons stated in the prior "Order Granting Defendants' Motion to Dismiss and

23 Granting Leave to Amend" (Dkt. # 23 at 2), the Court has considered the June 7, 2018, emails

24

25    _____

26         [1] "PTO" is the acronym for "paid time off."

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS  - 1

from Washington's Department of Labor and Industries ("L&I") and defendants' deposition

testimony in determining whether plaintiff has stated a viable cause of action. The question for

the Court on a motion to dismiss is whether the facts alleged sufficiently state a "plausible"

ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

*Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and

citations omitted).

Having considered the amended complaint and the submissions of the parties, the Court

finds that dismissal is warranted. For purposes of this motion, the Court will assume that

plaintiff's new allegation that it applied its PTO policy in compliance with Washington law

raises an inference that defendants' statements were false. Nevertheless, plaintiff's allegations

regarding privilege are insufficient under *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under Washington law, an individual publishing to persons with an interest in the information

(as is the case here) is privileged to make statements, even untrue statements, as long as he or

she acts "without malice, in good faith, and in an honest belief of their truth arrived at after a fair

and impartial investigating or upon reasonable grounds for such belief." *Twelker v. Shannon &*

*Wilson, Inc.*, 88 Wn.2d 473, 478 (1977) (quoting *Owens v. Scott Publ. Co.*, 46 Wn.2s 666, 674

(1955)). Plaintiff's new allegation that defendants acted "with malice and reckless disregard for

the statements' truth or falsity" is a conclusion unsupported by any factual allegations. *See Iqbal*,

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS  - 2

556 U.S. at 680-81 (allegations that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement were deemed to be a formulaic recitation of the elements of a constitutional discrimination claim that were not entitled to the presumption of truth). The record before the Court on this motion to dismiss shows that defendants had reasonable grounds to believe that their statements were true: L&I informed defendants that plaintiff's written policy was lawful, but that its application of the policy to require drivers to take leave in 12-hour increments was not permitted in the absence of a variance from L&I. Dkt. # 11-1 at 2 and 4. Plaintiff makes no attempt to show that L&I's determination was incorrect or that defendants' reliance thereon was or is unreasonable. Plaintiff's bald allegation of "malice and reckless disregard" is not based on any facts suggesting that defendants acted in bad faith or were otherwise improperly motivated when they reported L&I's determination to other drivers.

For all of the foregoing reasons, plaintiff has not alleged facts giving rise to a plausible inference of liability for defamation or entitlement to injunctive relief. The motion to dismiss the amended complaint is, therefore, GRANTED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 13th day of November, 2020.

*MW S Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS  - 3